1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOE HAND PROMOTIONS, INC.,            No. 2:11-CV-2263-JAM-CMK

12                  Plaintiff,

13          vs.                            FINDINGS AND RECOMMENDATIONS

14   CHRISTOPHER MARTIN FIERRO,
     dba Canteena,
15
                    Defendant.
16
     _____/
17

18          Plaintiff brings this civil action for damages under 42 U.S.C. §§ 605, et seq., 47

19   U.S.C. §§ 533, et. seq., and California Business & Professions Code § 17200.  Defendant failed

20   to respond to the complaint and default was entered on December 15, 2011.  Pending before the

21   court is plaintiff's motion for a default judgment (Doc. 8).  A hearing was held before the

22   undersigned in Redding, California, on March 14, 2012.  Thomas Peter Riley, Jr., Esq., appeared

23   for plaintiff.

24   / / /

25   / / /

26   / / /

# I.  BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff was granted the exclusive license for commercial distribution rights to Ultimate Fight Championship 118: Frankie Edgar v. BJ Penn 2 ("the program"), telecast nationwide on August 28, 2010.  Plaintiff entered into a subsequent sub-licensing agreement with various commercial entities in North America for public exhibition of the program within their respective commercial establishments.  Defendant does business as the Canteena located in Paradise, California.  Plaintiff claims that defendant intercepted the broadcast of the program and exhibited it at the Canteena, a commercial establishment.  Plaintiff alleges that such interception and exhibition was done willfully and for the purpose of direct and/or indirect commercial and/or private financial gain.  Plaintiff does not allege that defendant is a repeat offender.

In addition to alleging federal and state statutory violations (Counts I, II, and IV of the complaint), plaintiff alleges a state tort claim for conversion (Count III of the complaint).

### B.    Procedural History

Plaintiff's complaint was personally served on October 27, 2011.  As of December 15, 2011, no response had been filed and the Clerk of the Court properly entered defendant's default.

# II.  STANDARDS FOR DEFAULT JUDGMENT

Whether to grant or deny default judgment is within the discretion of the court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, the court considers the following factors:  (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1471-72

1    (9th Cir 1986).  Regarding the last factor, a decisions on the merits is impractical, if not

2    impossible, where defendants refuse to defend.  See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp.

3    2d 1172, 1177 (C.D. Cal. 2002).

4              Where a defendant has failed to respond to the complaint, the court presumes that

5    all well-pleaded factual allegations relating to liability are true.  See Geddes v. United Financial

6    Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th

7    Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per

8    curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282,

9    1288 (C.D. Cal. 2001).  Therefore, when determining liability, a defendant's default functions as

10   an admission of the plaintiff's well-pleaded allegations of fact.  See Panning v. Lavine, 572 F.2d

11   1386 (9th Cir. 1978).  However, the court has the responsibility of determining whether the facts

12   alleged in the complaint state a claim which can support the judgment.  See Danning v. Lavine,

13   572 F.2d 1386, 1388 (9th Cir. 1978).  For this reason, the district court does not abuse its

14   discretion in denying default judgment where the factual allegations as to liability lack merit.

15   See Aldabe, 616 F.2d at 1092-93.

16             While factual allegations concerning liability are deemed admitted upon a

17   defendant's default, the court does not presume that any factual allegations relating to the amount

18   of damages suffered are true.  See Geddes, 559 F.2d at 560.  The court must ensure that the

19   amount of damages awarded is reasonable and demonstrated by the evidence.  See id.  In

20   discharging its responsibilities, the court may conduct such hearings and make such orders as it

21   deems necessary.  See Fed. R. Civ. P. 55(b)(2).  In assessing damages, the court must review the

22   facts of record, requesting more information if necessary, to establish the amount to which

23   plaintiff is lawfully entitled.  See Pope v. United States, 323 U.S. 1 (1944).

24   / / /

25   / / /

26   / / /

3

Where actual damages are not proved, it may be appropriate in some cases to award nominal damages to vindicate the deprivation of certain "absolute" rights.  See Cummings v. Connell, 402 F.3d 936, 942 (9th Cir. 2005).  Nominal damages may be appropriate under California law for the torts of trespass, see Consterisan v. Tejon Ranch Co., 255 Cal.App.2d 57, 60 (5th Dist. 1967), assault, see Liljefelt v. Blum, 33 Cal.App.721 (1st Dist. 1917) (per curiam), loss of publicity, see Ericson v. Playgirl, Inc., 73 Cal.App.3d 850, 859 (2nd Dist. 1977), as well as breach of contract, see id..   As the term implies, nominal damages is defined as a mere token or trifle.  See Cummings, 402 F.3d at 943.

## III.  DISCUSSION

Defendant's liability is established as a matter of law by way of failure to respond to the complaint.  As for damages, plaintiff seeks a total award of $111,200 as follows:

- $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II)

- $100,000 in "enhanced" damages under 47 U.S.C. § 605(e)(3)(C)(ii)

- $1,200 damages for conversion

While plaintiff is entitled by statute to attorneys fees and costs, plaintiff specifically does not include a request for such damages in the motion for default judgment and only lists the damages above on the proposed final judgment submitted with the motion.

### A.    **Statutory Damages**

Under 47 U.S.C. § 605(e)(3)(C)(i)(II) plaintiff is entitled to no less than $1,000 but no more than $10,000, in the court's discretion, for defendant's unlawful conduct.  Plaintiff argues in its motion for default judgment that the court should award the maximum amount of $10,000 because defendant exhibited the program on ten televisions to a near-capacity crowd of between 80 and 95 people who paid no cover charge.  Plaintiff cites several cases from this district where, under less favorable facts, the maximum was awarded.  See Joe Hand Promotions, Inc. v. Tidmarsh, 2009 WL 1845090 (E.D. Cal. 2009); J & J Sports Productions, Inc. v. Esquivel,

1   2008 WL 4657741 (E.D. Cal. 2008); J & J Sports Productions, Inc. v. Flores, 2009 WL 1860520

2   (E.D. Cal. 2009); J & J Sports Productions, Inc. v. George, 2008 WL 4224616 (E.D. Cal. 2008).

3       In Tidmarsh, the court awarded the maximum amount where the broadcast was

4   unlawfully exhibited to a near-capacity crowd of between 23 and 29 people on one large-screen

5   television and a second much smaller television.  See Tidmarsh, 2009 WL 1845090 at *3.  In

6   Esquivel, the maximum amount was awarded where the broadcast was exhibited to a half-

7   capacity crowd of about 35 people on one large-screen television.  See Esquivel, 2008 WL

8   4657741 at *3.  Though the courts in these cases characterized the violations as "minor," the

9   statutory maximums were nonetheless awarded.

10       Given the facts of this case, the court finds that the maximum amount of $10,000

11   is appropriate and supported by the evidence.

12      **B.**  **"Enhanced" Damages**

13       "Enhanced" damages up to an additional $100,000 are allowed under 47 U.S.C.

14   § 605(e)(3)(C)(ii), in the court's discretion, where "the violation was committed willfully and for

15   the purpose of direct or indirect commercial advantage or private financial gain. . . ."  Plaintiff

16   contends that defendant's conduct was clearly willful in that the program, which was encrypted,

17   could only have been intercepted through intentional conduct.  In other words, plaintiff states that

18   the broadcast could not have been intercepted inadvertently or accidentally.  A review of the

19   numerous cases cited by plaintiff indicates that the central question is whether the amount

20   awarded in "enhanced" damages is sufficient to deter future violations by the same defendant.

21       The court agrees with plaintiff that the broadcast could not have been

22   inadvertently or accidentally intercepted and that defendant's conduct was willful.  It is also clear

23   that the broadcast was intercepted for the purpose of private financial gain.  Given the rural

24   location of the Canteena, the relatively small size of the establishment, and in light of the

25   statute's goal of deterring future violations by this same defendant, the court finds that an award

26   of $15,000 in "enhanced" damages is appropriate and supported by the evidence.

C.   **Damages for Conversion**

Plaintiff claims that defendant converted the program and that it thereby lost out on $1,200, the cost had the Canteena purchased broadcast rights to the program lawfully.  The court finds this amount appropriate and supported by the evidence.

**IV.  CONCLUSION**

Based on the foregoing, the undersigned recommends that:

1.      Plaintiff's motion for default judgment (Doc. 8) be granted;

2.      Plaintiff be awarded a default judgment in the amount of $26,200; and

3.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 10, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE